# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2022

Lyle W. Cayce
Clerk

No. 21-60166

W‌endy A‌lijandra O‌lmos-T‌enorio; E‌mely C‌astro-O‌lmos,

*Petitioners*,

*versus*

M‌errick G‌arland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 229 242
Agency No. A209 229 243

Before G‌raves, W‌illett, and E‌ngelhardt, *Circuit Judges*.

P‌er C‌uriam:*

Wendy Alijandra Olmos-Tenorio and Emely Castro-Olmos (Emely), natives and citizens of El Salvador, petition for review of the February 9, 2021 decision by the Board of Immigration Appeals (BIA) dismissing their appeal of a February 28, 2019 order of the Immigration Judge (IJ) denying them

---

* Pursuant to 5‌th C‌ircuit R‌ule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5‌th C‌ircuit R‌ule 47.5.4.

asylum and withholding of removal. Emely sought derivative asylum and withholding of removal as a rider on Olmos-Tenorio's application.

While we ordinarily review only the decision of the BIA, when, as in the instant case, the BIA has adopted the IJ's reasoning, we review the IJ's ruling to the extent that it affected the BIA's decision. *See Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007). We review factual findings for substantial evidence, *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005), and we review questions of law *de novo*. *Zhu*, 493 F.3d at 594.

We agree with the IJ and the BIA that Olmos-Tenorio's first proposed particular social group (PSG)—"Salvadoran women perceived as property due to El Salvador's oppressive societal norms against them"—is not cognizable because the group lacks particularity and does not exist independently of the harm suffered by its members. *See Aldana-Ramirez v. Garland*, No. 20-60871, 2022 WL 458386, at *1 (5th Cir. Feb. 15, 2022) (unpub.) ("'Honduran women who are viewed as property by virtue of their position in a domestic relationship' lacks particularity" and sufficient independence from the harm); *Marquez Benitez v. Whitaker,* 748 F. App'x 607, 608 (5th Cir. 2019) (unpub.) ("married Honduran women viewed as property by virtue of their status in a domestic relationship" is not a cognizable particular social group); *Macias v. Sessions,* 694 F. App'x 314 (5th Cir. 2017) (unpub.) ("Mexican women viewed as property by virtue of a domestic relationship" lacked sufficient particularity); *see also Jaco v. Garland*, 24 F.4th 395, 405–07 & n.4 (5th Cir. 2021) (PSG cannot be defined

No. 21-60166

circularly by claimed persecution); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019) (same).[1]

We likewise agree that Olmos-Tenorio's other proposed PSG— "Salvadoran women in domestic relationships"—also lacks the requisite particularity and social distinction to be cognizable. *See Jaco*, 24 F.4th at 406–07; *Gonzales-Veliz*, 938 F.3d at 232; *see also Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014) (explaining "particularity" and "social distinction" requirements and emphasizing that the social group must exist independently of the claimed persecution); *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014) (same).

Finally, we reject the parties' arguments that remand to the BIA is necessary in light of *Matter of A-B- ("A-B-III")*, 28 I & N. Dec. 307, 309 (A.G. 2021). *See Jaco*, 24 F.4th at 405-06. As reasoned in *Jaco*, "regardless of the controlling decision, only an unreasonable interpretation of the INA can support [the petitioner's proposed particular social groups]." *Id.* at 406.

Substantial evidence supports the IJ's determination, adopted by the BIA, that the proposed PSGs are not cognizable. *Id.* at 407; *Gonzales-Veliz*, 938 F.3d at 232. Olmos-Tenorio's failure to establish a cognizable PSG precludes the granting of asylum or withholding of removal. *See Zhang*, 432 F.3d at 344. Accordingly, the petition for review is DENIED.

---

[1] *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (noting unpublished opinions, while not precedential, may be considered persuasive authority); 5TH CIR. R. 47.5.4.